Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA CROCKETT, <br><br> Plaintiff, <br><br> vs. <br><br> ENHANCED RECOVERY COMPANY, LLC, <br><br> Defendant. | Case No. CV11-03426 HRL <br><br> COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Diana Crockett ("Plaintiff"), is a natural person residing in Monterey county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Enhanced Recovery Company, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Defendant began calling Plaintiff's home phone daily in October, 2010, in attempt to collect an alleged debt.

7.    The alleged debt Defendant is attempting to collect is not an account associated with Plaintiff. Defendant is attempting to collect an alleged debt from Plaintiff's sister in law. Plaintiff's sister in law does not reside with Plaintiff and can not be reached at Plaintiff's phone number.

8.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

> a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, calling Plaintiff daily (Cal Civ Code §1788.11(d));

> b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, calling Plaintiff daily (Cal Civ Code §1788.11(e));

> c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, calling Plaintiff daily (§1692d(5));

> d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, calling Plaintiff daily regarding an alleged debt that is not hers (§1692c(a)(1));

> e) Using false, deceptive, or misleading representations or means in connection with collection of a debt, including, but not limited to, calling Plaintiff daily

regarding a debt allegedly owed by Plaintiff's sister-in-law(§1692e));

f) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, calling, including, but not limited to, calling Plaintiff daily regarding a debt allegedly owed by Plaintiff's sister-in-law (§1692e(2)(A));

g) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to, calling Plaintiff daily regarding a debt allegedly owed by Plaintiff's sister-in-law (§1692e(5));

h) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to, calling Plaintiff daily regarding a debt allegedly owed by Plaintiff's sister-in-law (§1692e(10);

i) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, calling Plaintiff daily regarding a debt allegedly owed by Plaintiff's sister-in-law (§1692f));

j) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt including, but not limited to, calling Plaintiff daily regarding a debt allegedly owed by Plaintiff's sister-in-law (§1692f(1)); and

k) Collecting an amount from Plaintiff that is not permitted by law including, but not limited to, calling Plaintiff daily regarding a debt allegedly owed by Plaintiff's sister-in-law (§1692f(1)).

9. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages;

    D. Costs and reasonable attorney's fees; and,

    E. For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

12. Further, §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

13. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
    B. Actual damages;
    C. Statutory damages for willful and negligent violations;
    D. Costs and reasonable attorney's fees,
    E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 11th day of July, 2011.

By: _____
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff